ELMER J. KEITEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18579. Promulgated March 18, 1929.

*W. A. Allen, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, and *Owen W. Swecker, Esq.*, for the respondent.

904

## OPINION.

MILLIKEN: The case has been stipulated and briefed with no disagreement between respective counsel concerning the actual payments made to the mother by petitioner. The sale and transfer by Caroline Keitel of her interest under the will of her husband in the partnership in consideration of the payment to her by petitioner of the sum of $200 per month, so long as she lived and remained testator's widow, constituted a capital transaction. See *Thomas H. Mastin*, 7 B. T. A. 72, affirmed in *Mastin v. Commissioner of Internal Revenue*, 28 Fed. (2d) 748, and *Robert L. Scott*, 9 B. T. A. 955, affirmed in *Scott v. Commissioner of Internal Revenue*, 29 Fed. (2d) 472. These authorities dispose of petitioner's first contention. His second contention involves the application of sections 214 and 215 of the Revenue Act of 1921. The applicable parts of these sections read:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

  *   *   *   *   *   *   *

(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913.

SEC. 215. (a) That in computing net income no deduction shall in any case be allowed in respect of—

(b) Amounts paid under the laws of any State, Territory, District of Columbia, possession of the United States, or foreign country as income to the holder of a life or terminable interest acquired by gift, bequest, or inheritance shall not be reduced or diminished by any deduction for shrinkage (by whatever name called) in the value of such interest due to the lapse of time, nor by any deduction allowed by this Act for the purpose of computing the net income of an estate or trust but not allowed under the laws of such State, Territory, District of Columbia, possession of the United States, or foreign country for the purpose of computing the income to which such holder is entitled.

Under the will of her husband, Caroline Keitel acquired an interest in one-half of her husband's interest in the partnership known as the Columbia Oil Co. It is immaterial to this proceeding whether she became a partner in this concern or whether she acquired only an interest in what was left after all partnership obligations had been paid. It is sufficient to say that her interest, whether in the partnership as such or in the proceeds, was limited to her life or widowhood. Nor is it material whether the assets of the partnership may have been composed only of personalty. The rights of remaindermen in personalty are recognized and enforced by the courts of Missouri. See *State* v. *Welsh*, 175 Mo. App. 303; 162 S. W. 637; *Landers Investment Co.* v. *Brown* (Supreme Court of Missouri), 254 S. W. 14. Where, as in this proceeding, the personal property is reproductive, the holder of the life interest does not possess the right to consume it and is entitled only to its use and income. 21 C. J. 1040. So that what petitioner purchased was the right to use his mother's interest during her life or widowhood. The fact that petitioner owned a remainder interest in part of what he so purchased does not affect the question here presented. From an income-tax standpoint, he is in the same position as though he had no other interest in the assets of the partnership. What he purchased, and that is all that concerns us, was a terminable estate and the termination of the estate will end all that he purchased.

If petitioner had purchased a lease, he would under section 214 (a) (8) be entitled to an annual deduction for the exhaustion of his leasehold. Such has been the consistent holding of the Board since its decision in *Grosvenor Atterbury*, 1 B. T. A. 169. We perceive no difference in principle between the rule laid down in the above case and where one purchases a lease determinable upon the life of the lessor or any other person. In such a case the purchaser would be entitled to take his deduction for exhaustion on the basis of the life tables, if they constituted the only evidence in the case providing a method of determining the duration of the life of the lessor or other person. Nor can we perceive any difference in this respect between the purchase of a lease of a life interest and the purchase of the life interest itself. In both cases the interest is terminable and exhaustible for income-tax purposes. This proceeding does not

fall within the provisions of section 215 (b), for the reason that petitioner did not acquire his mother's interest " by gift, bequest, or inheritance * * *." He acquired it by purchase. He purchased a terminable estate and is in the same position as one who purchases a lease, which is also a terminable interest.

Petitioner contends that if the purchase by him be deemed a capital transaction, then he purchased the life estate of his mother, for which he is obligated to pay her the sum of $2,400 each year until her death; that at the date of the sale his mother had a life expectancy of 13 years; that, therefore, his total payments to her will amount of $31,200; and that the latter amount should be spread over said term, with the result that he should be permitted to deduct for exhaustion the sum of $2,400 each year. It is to be noted that this result is reached by multiplying and dividing by the same number. It is further to be noted that this contention overlooks two important facts, the first of which is that petitioner did not acquire the whole of his mother's interest, and the second is that his mother's interest terminated upon her remarriage as well as upon her death. Petitioner acquired by his purchase only four-fifths of his mother's interest. The other fifth went to his brother, Waldemar. Petitioner would not be entitled to take as a deduction the exhaustion of what he does not possess. The second fact demonstrates that the life tables are not applicable.

The life tables, if they constituted the only evidence in the case, would be applicable where one has paid a lump sum for a life interest, since they would constitute the only standard whereby such payment could be spread over the life of the thing purchased. Here, however, no lump sum has been paid. Instead, petitioner is obligated to pay his mother the sum of $200 each month so long as she lives or remains his father's widow. While it is true that we do not know and can not ascertain what will be the total amount of all such payments, we do know that it will equal the product of each monthly payment multiplied by the number of months his mother lives or remains a widow.

We have decided the question of law involved in this proceeding, but when we come to the application of the facts thereto a barrier to an allowance is presented. Counsel for petitioner deemed it sufficient to rest the case for decision on the facts stipulated, which are set forth in our findings of fact. If a deficiency is apparent, there is nought we can do.

We are satisfied that petitioner should be allowed an annual deduction for the exhaustion of the four-fifths interest which he acquired. He should not be allowed, however, to recover a sum greater than the value of the interest purchased. What that value was we are unable to determine from the stipulated facts. It was stipulated that the

income which *could* be earned by the partnership was not sufficient to properly support and meet the ordinary demands of the mother, and that the sum which petitioner contracted to pay monthly to his mother *was more* than the mother's interest was earning at or prior to the time of the execution of the contract of May 3, 1922. It is also provided in the contract of May 3, 1922, that the petitioner was to hold in trust 22 shares of stock of the newly formed corporation which, together with the capitalization and surplus, represented the present value of the life interest of the mother. With the relationship of son and mother existing there was, no doubt, represented in the sum agreed to be paid to the mother an amount to satisfy her present needs savoring of a gift and irrespective of the value of the life interest which the petitioner acquired.

We think it not open to dispute that, if the then present value of the 22 shares of stock of the corporation held in trust and which it is stipulated represented the present value of the life interest, was $2,200 and the son agreed to pay $2,400 the first year, petitioner would not be entitled to a deduction of a sum greater than the value of the life interest acquired, much less to continue to deduct payments during the life or widowhood of the mother, or, in the extreme, to assume a total deduction of $31,200 as claimed by counsel for petitioner.

Upon the state of the record and while being satisfied as a question of law as to the right to a deduction, we are unable to segregate the value of the life estate and the sums voluntarily paid to the mother, and accordingly we are unable to determine the amount of the allowance to which petitioner is entitled.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

PHILLIPS concurs in the result.

TRUSSELL dissents.

———

STERNHAGEN, concurring: There are several weaknesses in the petitioner's case which clearly support the judgment for respondent, but I regard the prevailing opinion as unsound. In any event it is *obiter* and can not serve as a precedent.

The petition alleges and the answer admits that—

the partnership business was not a success and his mother's income from the business being insufficient to meet her immediate needs, Elmer agreed to guarantee her an adequate income in the amount of $200 per month during life, if she would consent to a reorganization of the business that they might convert the partnership into a corporation.

In the absence of any other evidence to the contrary than is in this record, this stipulation indicates that some part or perhaps all

of Elmer's payments are "personal, living, or family expenses" which are among the items enumerated in section 215, Revenue Act of 1921, as not deductible. Gifts are also not among the statutory deductions.

Furthermore, the lack of evidence of actual payments or of a system of accounting justifying the deduction of items incurred, whether paid or not, deprives the issue of any factual basis and requires a judgment for respondent, notwithstanding the apparent willingness of counsel to argue the abstract question.

SMITH, TRAMMELL, MORRIS, and MURDOCK agree with this opinion.