Per curiam:

In this case the court on May 6, 1929, published its findings of fact, conclusion of law, and memorandum wherein the plaintiff’s petition was dismissed. The question in issue was the value on July 7, 1913, of certain leaseholds acquired by the plaintiff and the amount of such value which the plaintiff was entitled to include in its invested capital for its taxable years ending January 31, 1918, and January 31, 1919, and the amount of the deduction to which it was entitled for exhaustion of said leaseholds during each of the said years.
The court found the value of the leaseholds on July 7, 1913, to have been $50,000, but dismissed the petition for lack of evidence upon which the court could determine the amount to be included in invested capital and the amount that might be deducted for exhaustion upon which it could compute the tax for the years involved.
Thereafter, counsel for plaintiff filed a motion for reconsideration of the decision and revision of the conclusion of law. By order of October 11, 1929, the court sustained the motion, in so far as to set aside the opinion and judgment of the court theretofore rendered in the case, and granted plaintiff leave to file as evidence the final determi- *488 of the Commissioner of Internal Revenue showing his computation of the net income, invested capital, and the tax on October 13, 1923, upon which determination the suit was predicated. With the motion for reconsideration filed May 22, 1929, plaintiff submitted a computation of the un-exhausted value of the leaseholds to be included in the invested capital for the taxable years and the amount of deduction for exhaustion of said leaseholds in each of those years based upon the value of $50,000 determined by the court, and also submitted a computation of the net income, invested capital and the tax liability for the taxable years based upon such computation, giving due consideration therein of the final determination by the Commissioner of Internal Revenue in his letter of October 13, 1923, upon plaintiff’s claim for refund. In the order of the court granting the motion for reconsideration the defendant was given thirty days within which to file an additional brief, if so desired, in reply to the computations and arguments submitted by plaintiff in its motion for reconsideration. No brief in opposition to said motion and computation has been filed by the defendant, and the plaintiff, in accordance with the permission granted by the court in said order, has filed as evidence the final computation by the Commissioner of Internal Revenue of October 13, 1923, of its net income and invested capital for the taxable years.
Upon the findings of fact heretofore made by the court and the value of $50,000 found therein for the leaseholds on July 7, 1913, it appears that the annual exhaustion of said leaseholds over the period July 7, 1913, to March 31, 1924, the expiration thereof, was $4,657.18, and that to January 1, 1917, the beginning of the first taxable year here in question, said leaseholds had been exhausted in the amount of $16,623.53; that for invested capital purposes plaintiff was entitled to include in invested capital for the taxable year beginning February 1, 1917, and ending January 31, 1918, the unexhausted value at the beginning of this taxable year of $33,376.47; and that for such taxable year plaintiff was entitled to a deduction for exhaustion of these leaseholds of $4,657.18. At the beginning of the taxable year January 31, 1919, said leaseholds had an un- *489 exhausted value of $21,208.71, which amount it was entitled to include in invested capital for the taxable year beginning February 1, 1918, and ending January 31, 1919, and for this taxable year plaintiff was also entitled to a deduction for exhaustion of said leaseholds of $4,657.18. Upon this computation it appears that plaintiff has overpaid its tax for the fiscal years ending January 31, 1918, and January 31, 1919, in the amounts of $1,814.17 and $3,101.60 in excess of the overpayment found by the Commissioner of Internal Revenue. Plaintiff paid the tax found to have been over-payments for the fiscal years ending January 31, 1918, and January 31, 1919, on November 30, 1923. Wherefore, upon the special findings of fact heretofore made by the court and upon the additional evidence submitted, which are made a part of the judgment herein, the court now decides, as a conclusion of law, that the plaintiff is entitled to recover $4,915.77 with interest thereon at the rate of six per cent per annum from November 30, 1923, to such date as the Commissioner of Internal Revenue may determine, in accordance with the provisions of subsection (b), section 177, of the Judicial Code, as amended, being a part of the revenue act of 1928.