ESTATE OF JOHNSON N. CAMDEN, DECEASED, AGNES M. CAMDEN AND FIRST NATIONAL BANK AND TRUST COMPANY OF LEXINGTON, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

AGNES MCEVOY CAMDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Dockets Nos. 106784, 106786. Promulgated October 20, 1942.

*Victor A. Bradley, Esq.,* and *Charles I. Dawson, Esq.,* for the petitioners.

*W. W. Kerr, Esq.,* for the respondent.

OPINION.

DISNEY: The record in this proceeding discloses a conveyance of a life estate in real estate from petitioner Agnes McEvoy Camden to petitioner Johnson N. Camden, her husband, with remainder to the wife. The respondent urges us to consider it as in effect transferring only a lease and therefore to regard the consideration paid by the husband as prepaid rental upon the lease, taxable as ordinary income to the wife. The petitioners, on the other hand, contend that a life estate was both in form and fact conveyed, that the amount received by the wife for such conveyance was for a capital asset, and that the husband, becoming the owner of such life estate, is entitled to depreciation upon the improvements upon the property. No question is raised as to the consideration paid.

There is nothing irregular about the conveyance, though the property had belonged to the wife, and was conveyed by deed by the wife and husband to a trustee and immediately upon the same day conveyed back to the husband for life, with remainder to the wife. This procedure appears to be required by the law of Kentucky in case of conveyance from husband to wife, and respondent seems to base no contention upon such form of conveyance. The conveyance to the husband with remainder to the wife is not designated as a deed, but it specifically conveys the property for life to the husband and "to the second party, Agnes M. Camden, the remainder in said property after the life estate of J. N. Camden"; and the parties by stipulation refer to both conveyances as deeds. The habendum clause recites, "To HAVE AND TO HOLD unto the party of the second part, J. N. Camden for life with remainder after said life estate to Agnes M. Camden, her heirs and assigns forever." The granting clause grants and conveys "the hereinafter described property" and recites its descriptions by metes and bounds. In short, in form there is a plain conveyance of life estate with remainder over. This, the respondent contends, however, amounts to and should be viewed as a leasehold. As reasons for so regarding the conveyance, it is urged that the wife testified that the reason for the execution of the instrument to the trustee and by him to the husband for life, with remainder over to the wife, "was to make Senator Camden independent so that he could do whatever

he wanted on the place without conferring with me. It was also to protect him if anything by accident should happen to me, that he would have a place to live in." There was no other motive. The wife testified, when asked whether there was any other motive than those stated above, "None in the world." In other words, the tax evasion motive is absent from this case. Since the conveyance was in form a plain grant of a life estate and no tax evasion motive may be considered, it appears that any reason for regarding the conveyance as other than that of a life estate, that is, for regarding it as a lease, must be based upon the testimony above quoted, in effect, that the idea was to make the husband independent so that he could do whatever he wanted on the place and to protect him with a place to live if anything happened to the wife. In our opinion, however, those words are, to say the least, no more indicative of intent to create a lease than to create a life tenancy. Either lease or life tenancy would give the husband a place to live. Indeed, the expression with reference to the husband being able to do whatever he wanted on the place without conferring with his wife seems to point to a life tenancy rather than a lease, since under a lease the power of the husband would seem to be more circumscribed than in case of a life tenancy. It was elsewhere explained, in effect, that the wife did not like to see the husband put so many improvements on property which did not belong to him. All of this seems to us to indicate a lack of reason for regarding the instrument as other than what it is in form—a conveyance of a life estate.

The respondent cites a number of cases to support his view that for tax purposes we should regard the conveyance as a lease; but we find none of them parallel with the present situation. In none do we find an unequivocal conveyance of a life estate held to convey only a leasehold so that the consideration paid therefor is ordinary income. That a life estate is a capital asset can, we think, hardly be doubted, in the light of the language of section 117 (b) of the Revenue Act of 1936.[1] A life estate is property. *Codman* v. *Miles*, 28 Fed. (2d) 823. We do not understand the respondent to deny that principle. The property was "held by the taxpayer," was not stock in trade or property properly included in inventory or held primarily for sale to customers in the ordinary course of trade or business. Petitioner Agnes McEvoy Camden received a consideration for the transfer of such prop-

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

\*      \*      \*      \*      \*      \*

(b) DEFINITION OF CAPITAL ASSETS.—For the purposes of this title, "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.

erty. The trustee-grantor recites that he "does hereby grant, bargain, sell and convey * * * the hereinafter described property for life ·* * *." Though of course the effect, whether the conveyance be regarded as sale of life estate or as lease, is in either case to convey something to the husband for life, nevertheless, with no reference in the instruments to a lease and the usual covenants of a deed appearing, we are unable to find sufficient reason for holding, as the respondent contends, that it is as if a lease had been executed. There are essential distinctions between a life estate and a lease, which, however, we think unnecessary of discussion here. The parties intended and used language sufficient to convey a life estate and we do not think that ground exists here for disregarding the intent and terminology which appears. *Hort* v. *Commissioner*, 313 U. S. 28, cited by the respondent, involved merely payment of a lump sum in consideration of the cancellation of a lease, the nature of which was not in controversy. *Estate of F. S. Bell*, 46 B. T. A. 484, involved trusts set up by the petitioners, under which there was a life estate consisting only of the right to receive income from trusts set up by those retaining the right to income for life, which right was later transferred to the remainderman. Both *Irwin* v. *Gavit*, 268 U. S. 161, and *Maass* v. *Higgins*, 312 U. S. 443, cited in the *Bell* case, are pointedly limited to situations where the life estate consists "only of the right to receive the income," and our opinion in the *Bell* case is so limited. Moreover, therein, speaking of the grantors of the life interest, we say, "It is not as though they had bought the life interest, and thus had a cost basis of that right by virtue of the purchase," and point out that they had no such right in the principal of the trust as to entitle them to a return of capital through exhaustion of the interest represented by their life estates. Here petitioner Agnes McEvoy Camden had purchased the property, had set up no trust, and had a cost basis. We can not discern herein a parallel with the *Bell* case In *Elmer J. Keitel*, 15 B. T. A. 903, we held that the sale of a partnership interest, limited to the life or widowhood of the grantee, constituted a capital transaction, and held that monthly payments of the consideration paid therefor entitled purchaser to an annual deduction for exhaustion—though we also held that the state of the proof would not permit us to determine the amount of allowable deduction. Though we likened the life estate to a lease "in this respect," that is, for purposes of section 214 (a) (8) of the Revenue Act of 1921 as to a reasonable allowance for exhaustion, etc., we do not think such comparison constitutes sufficient ground for holding in the present case that the ordinary rule as to taxation in case of a sale of a capital asset should not be applied. This is consistent with the view taken in G. C. M. 14693, C. B. XIV-1, p. 197, where it is held that upon condemnation

of real estate in the possession of the life tenant, both the life tenant and the remaindermen derived profit "from the sale of their individual legal interests in the real estate and [it] is taxable to them in their individual capacities." In a case of a sale to a stranger, of a life estate in realty, by one who had received it from the holder of the fee simple estate by gift, and was therefore required to look to his grantor's base, we think it would not be held that the seller had no base because his grantor had held the entire estate, and that therefore the whole amount received should be considered ordinary income. In the absence of tax evasion or other intent to convey something other than a life estate, we think no different answer should be given here. The respondent points out that section 113 (b) of the Revenue Act of 1936 makes no provision for adjusting the basis of property by reason of the creation of a life estate; but we do not think that this justifies his view of the treatment to be accorded the transaction here at hand. In effect, the argument amounts to this: If the amount received by petitioner Agnes McEvoy Camden is not taxed herein, it may be held, in case of the sale of the whole property by her after expiration of the life estate, that no adjustment of basis is required because of the sale of the life estate, and therefore the amount now received will altogether escape taxation. We think such a possibility is no sufficient reason for ignoring the indisputable fact of sale, and the fact of capital asset. If it is, the remedy lies with the legislative body and not with us. However, the manner of calculating a basis for the life estate, upon original cost depreciated, and allocated to the life estate in accordance with life expectancy tables, is in our opinion proper. We conclude that there was here a sale of a capital asset, and taxable to the grantor as such, and not as ordinary income.

It is suggested upon brief also, that petitioner Agnes McEvoy Camden has not properly proved a cost basis for the life estate sold. In the condition in which we find the record, we think there is no real controversy before us in that respect. The petitioner, reporting upon a basis of sale of capital asset, computed a loss of $985.86, by deducting from $58,904, the consideration received for the life estate, the sum of $59,889.86 as the depreciated cost of the life estate, or 32.95 percent of $181,759.82, the depreciated cost of the property. At the hearing it was agreed that there was no argument as to the original cost basis. The Commissioner in determining the deficiency did not disallow the loss claimed, but merely added to income as reported by the petitioner the $58,904 received for the life estate, as representing taxable income, and computed depreciation on improvements of a cost of $99,084.44 (though petitioner Agnes McEvoy Camden had claimed no depreciation deduction.) The petitioner computed the same amount for improvements, and, like the Commissioner, computed depreciation at

2½ percent. The parties stipulated that as to petitioner Agnes McEvoy Camden, "the only issue in controversy in this proceeding relates to the propriety of the action of the Commissioner of Internal Revenue in taxing to her as normal income the entire proceeds ($58,904.00) received from her husband, Johnson N. Camden, as consideration for the aforesaid life estate." The loss claimed by the petitioner was based upon a value of the life right as 32.95 percent of depreciated cost, the 32.95 percent being based upon the age of the life tenant, according to Wigglesworth's Table of Values, which appears as recognized in the Statutes of Kentucky, Carroll's Kentucky Statutes, 1936, page 2679, and by the Kentucky court. Under all of the above, we conclude that the respondent has adopted and used the same original basis used and proven by the petitioner for real estate and improvements, and that the only real difference between the parties is the propriety of establishing or carving out a basis for the life estate by applying the life expectancy of the grantee to the statutory life tables. We hold that the basis for the life estate was properly computed.

We therefore conclude and hold that the Commissioner was in error in adding to the income of petitioner Agnes McEvoy Camden the proceeds of the sale of the life estate.

This leaves for consideration the question as to whether Johnson N. Camden, as owner of the life estate, is entitled to deductions for depreciation. In our opinion, error on the part of the respondent in denying such deductions has not been shown. Assuming, without finding it necessary to decide that the proper and necessary basis for deduction was used by him, we find absence of a fact indispensable to such allowance, that is, that the property was "used in the trade or business" of Johnson N. Camden. The only evidence with reference to the nature of the use of the property is that "We have a residence, and Senator Camden uses it as a horse farm, he raises horses" and that it is equipped for the handling of race horses. Obviously, if this were a case, like many which we have entertained, with reference to whether property was used as a business purpose or a hobby, the language just above quoted would not be sufficient to prove use in trade or business, for it is apparent that the raising of horses or the handling of race horses may be a business or it may be a mere hobby. Though the evidence is that the property was equipped for the handling of race horses, it is not shown that it was so used, or that there was any use in trade or business. We find such evidence insufficient. The petitioner urges, however, that the respondent allowed depreciation to the wife though she had not asked for it, and that therefore the respondent can not logically deny it to the husband. We do not think that such conclusion follows from the fact. In connection with allowing depreciation to the wife the Commissioner was taking the view that she should

pay income tax upon $58,904 ordinary income. If the husband is in a position to claim depreciation, the situation changes, since in that event he has acquired a capital asset and the wife is not subject to payment of the income tax upon the amount assumed by the respondent when he allowed depreciation to her. We think that the respondent may not illogically take a different view in such changed circumstances, that he has not waived the question of proof, and that in the absence of waiver petitioner has failed to make the necessary proof. That section 23 (1) of the Revenue Act of 1936 provides that deduction may be computed by a life tenant as if he were the absolute owner, does not relieve him of the necessity of showing use in trade or business.

We conclude and hold that there was no error in denying claim of depreciation by petitioner Johnson N. Camden.

The above conclusions render the other issues unnecessary of consideration.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

MURDOCK, STERNHAGEN, ARUNDELL, MELLOTT, and OPPER dissent.