## BELL v. HARRISON.

### BELL v. UNITED STATES.

Nos. 44 C 985, 46 C 577.

United States District Court

N. D. Illinois, E. D.

Sept. 17, 1952.

———◆———

Albert L. Hopkins, Hopkins, Sutter, Halls, DeWolfe & Owen, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for defendant.

CAMPBELL, District Judge.

These are suits to recover certain income taxes which plaintiff alleges he overpaid in the years 1936 to 1941, inclusive. The suits were consolidated for trial, and were submitted to the Court upon the pleadings and a written stipulation of facts, which said stipulation the Court hereby adopts as the Findings of Fact herein. The respective parties have stipulated that the following facts, among others, are true:

"1. Plaintiff is now and at all time hereinafter mentioned has been a citizen of the United States of America and a resident of the Village of Winnetka, Cook County, Illinois, within the First Collection District of Illinois and within the Northern Judicial District, Eastern Division, of the State of Illinois.

"2. Carter H. Harrison, former Collector of Internal Revenue of the United States of America for the First Collection District of Illinois, to whom the plaintiff paid his federal income taxes upon which each of these causes of action is based, is now living but is no longer in such office.

"3. The plaintiff is the sole and absolute owner of the claims herein presented and has made no assignment of said claims or any part thereof * * *.

"4. On April 28, 1932, plaintiff's father, Frederic Somers Bell, created a trust, the corpus of which consisted of 550 shares of the common capital stock of the Thorncroft Company, a Delaware corporation, by a trust agreement, dated April 28, 1932, entered into between plaintiff's father, as grantor, and plaintiff and George R. Little and Willard L. Hillyer, as trustees, and gave a life estate therein to plaintiff's mother, Frances Laird Bell, and the remainder interest therein to plaintiff. On April 28, 1932, plaintiff's mother, Frances Laird Bell, created a trust, the corpus of which consisted of 550 shares of the common capital stock of the Thorncroft Company, a Delaware corporation, by a trust agreement, dated April 28, 1932, entered into between plaintiff's mother, as grantor, and plaintiff and George R. Little and Frederic Somers Bell, as trustees, and gave a life estate therein to plaintiff's father, Frederic Somers Bell, and the remainder interest therein to plaintiff. * * *

* * * * * *

"7. On February 1, 1936, the plaintiff purchased the life estate of his mother, Frances Laird Bell, in the said trust created by his father, and the life estate of his father, Frederic Somers Bell, in the said trust created by his mother, and thereupon paid them therefor, in cash and securities, the respective amounts of $93,060.87 * * and $104,349.26.* * * The purchase prices were charged to Laird Bell's account and were credited to the accounts of his father and mother respectively, on financial accounts of the parties kept in the office of Laird, Norton Co., a corporation in which the plaintiff and his father and mother were financially interested. Shortly thereafter the charges were fully paid by the transfer of cash and securities by Laird Bell to his father and mother.* *

* * * * * *

"11. *. * * The plaintiff's mother, Frances Laird Bell, was born March 20, 1857. On February 1, 1936, her life expectancy was five years and one month, or a total of sixty-one months, which period expired on March 1, 1941.* * *

"The plaintiff's father, Frederic Somers Bell, was born March 19, 1859. On February 1, 1936, his life expectancy was five years and nine months, or a total of sixty-nine months, which period expired on November 1, 1941. * * *"

The parties have further stipulated that the plaintiff received income (taxable dividends) from the securities which con-

stituted the corpora of the trusts created by his father and mother, and that "Plaintiff, in computing his said taxable net income reported in his said returns for the respective years herein concerned, did not deduct any part of the cost to him of the life estates in the said two trusts purchased by him from his father and mother, respectively." The plaintiff claims he was entitled to deduct the cost of the life estates from his taxable income in the years 1936 to 1941, inclusive, and has brought these suits to recover said deductions.

The government does not contend that the cost of acquiring the life estates cannot be recovered by the plaintiff. The defendants have correctly stated that the question presented by the consolidated cases "is not whether the cost of acquiring the life estates is recoverable but when it is recoverable for income tax purposes." The plaintiff argues that when he purchased the two life estates, he obtained a right to receive uncertain amounts of income for an indefinite number of years; that the first dividends received by reason of said purchase were in fact a return of capital; and that said dividends were therefore exempt from taxation until his total capital investment was recovered. In the alternative, plaintiff contends that he purchased two "wasting assets," which diminished in value over the life expectancies of the two former life tenants, and that he should therefore be permitted to recover the cost of the life estates by ratable, annual deductions during said life expectancies. The defendants argue that neither of plaintiff's formulae is proper or workable, and contend that when plaintiff purchased the life estates, they were merged with the remainder interests, which plaintiff also owned, so that, during the tax periods in question, plaintiff was absolute owner of the corpora of both trusts. Accordingly, defendants contend, the life estates should not be treated separately for income tax purposes, and the cost of said life estates is properly recoverable by plaintiff only upon the eventual sale or disposition by plaintiff of the corpora of the trusts.

■ Ordinarily, investments in property are not recoverable by the investor until a sale or other disposition of the property is made. The original cost is then deducted from the sales price for the purpose of computing taxable gain. The courts have recognized, however, that there are certain intangible "wasting" assets which cannot eventually be sold; and the owners of such assets are permitted to immunize their investments from taxation by means of annual charges against the income derived from the property. The question raised by these consolidated cases has been considered by the Tax Court several times; and that court has uniformly held that a remainderman who purchases the life interest in his estate is entitled to amortize the cost of his purchase over the life expectancy of the life tenant. Keitel v. Comm'r, 15 B.T.A. 903; Shoemaker v. Comm'r, 16 B.T.A. 1145; Wolff v. Comm'r, 7 T.C. 717; cf., Estate of Bell v. Comm'r, 46 B.T.A. 484, reversed on other grounds, 137 F.2d 454.

The defendants state that these Tax Court decisions are "wrong" in principle and are in conflict with the decisions in Boos v. Comm'r, 30 B.T.A. 882; W. D. Haden Co. v. Comm'r, 5 Cir., 165 F.2d 588, and Citizens' Nat. Bank of Kirksville, Mo. v. Comm'r, 8 Cir., 122 F.2d 1011. The plaintiffs have adequately demonstrated, however, that the Haden and Citizens' Nat. Bank cases are distinguishable from the above-cited Tax Court decisions. The Boos Case, on the other hand, does contain language which conflicts with the rule set forth in the Keitel opinion; but it should be noted that the Keitel Case, and other cases relied upon by plaintiff, are the only judicial opinions which clearly decide the tax consequences of a purchase of the type involved in the case at bar.

■ This Court is of the opinion that plaintiff is entitled to recover the cost of the purchases of the aforementioned life estates by means of annual, ratable deductions from his gross income during the life expectancies of his parents, and that, upon the stipulation of facts presented by the parties, plaintiff is entitled to judgment as a matter of law. An appropriate decree will be prepared by plaintiff, and, upon

notice to defendants, submitted to the Court. Judgment will thereupon be entered in favor of plaintiff.