**BELL v. HARRISON.**

**BELL v. UNITED STATES.**

**Nos. 10814, 10815.**

United States Court of Appeals,
Seventh Circuit.

April 27, 1954.

H. Brian Holland, Howard P. Locke, Asst. Attys. Gen., Robert Tieken, U. S. Atty., Chicago, Ill., Ellis N. Slack, Lee A. Jackson, Robert B. Ross, Sp. Assts. to Atty. Gen., Otto Kerner, Jr., U. S. Atty., John A. Looby, Jr., Asst. U. S. Atty., Chicago, Ill., for appellant.

Albert L. Hopkins, Frank B. Sanders, Chicago, Ill. (Hopkins, Sutter, Halls, De-Wolfe & Owen, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and LINDLEY and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Each of these appeals presents for decision the same question and the cases have been consolidated, as they were in the district court. The sole issue is whether plaintiff, having purchased two life estates for which he admittedly paid full and fair value, measured by the life expectancies of the respective sellers, is entitled to recover his cost through amortization over the periods of the life expectancies, *i. e.*, by ratable annual deductions from the amounts received by him each year subsequent to such purchases.

The district court as a basis for the judgments from which the appeals come rendered an opinion which incorporates the court's findings of fact as stipulated by the parties, as well as its conclusions of law and reasons therefor. Bell v. Harrison, D.C., 108 F.Supp. 300. Reference to that opinion obviates the necessity for a detailed statement of facts.

Briefly, the actions were brought to recover federal income taxes allegedly overpaid by plaintiff for the years 1936 to 1941, both inclusive. On April 28, 1932, plaintiff's father and mother created reciprocal trusts, each making the other a life beneficiary with remainder over to the plaintiff (taxpayer). On February 1, 1936, the latter purchased the respective life estates of his parents. At that time the value of the corpus of the trust created by his father was $561,573.84, the value of his mother's life estate therein was $93,060.87, the value of the corpus of the trust created by his mother was $561,546.69, and the value of his father's life estate therein was $104,349.26. Plaintiff paid to his father and mother respectively the value of their life estates. The corpus of both trusts consisted of corporate stock which was delivered to the plaintiff upon purchase, some of which was subsequently transferred to his children as a gift.

We think this brief statement is sufficient as a premise for the controverted

issue. Plaintiff contends that he made a capital expenditure and acquired a capital asset or right which was wasting in value with time and, regardless of the fact that he was the remainderman, that he was entitled to recover the amount of his capital expenditure—his cost basis—by amortization over the life expectancies of his parents, that is, by ratable annual deductions from the amounts received by him each year as income as the result of his purchase. On the other hand, defendant (the government) contends that the purchase by plaintiff, the remainderman, of the life interest of his parents resulted in a merger of the two estates, particularly in view of the fact that plaintiff evidenced no intent to preserve the two interests separate and distinct. Upon this basis it is argued that for tax purposes there was no life interest to amortize after the merger and that the capital invested in the purchase of the life interest can be recouped only at the time of sale or other disposition by way of being added to the cost basis of such property.

The government's contention is bottomed entirely upon this premise of merger which it is insisted destroyed the right which plaintiff as the purchaser of the life estate of his parents would otherwise have had, to amortize the amounts paid over the period of the life expectancies of his parents. At any rate, we so understand this to be the position of the government because it is conceded that plaintiff would have been entitled to such treatment taxwise, absent the fact that he was the remainderman named in the trusts. In other words, if these life interests had been purchased by a third party, there would be no question but that such party would be entitled to amortization.

A study of the cases reveals that the problem before us is difficult of solution, although the weight of authority, such as it is, sustains plaintiff's contention. In Elmer J. Keitel v. Commissioner, 15 B.T.A. 903, the facts, without reciting them, are sufficiently similar to those of the instant case to raise the same legal problem. The court, in deciding the issue in favor of the taxpayer, stated, 15 B.T.A. at page 907: "Where, as in this proceeding, the personal property is reproductive, the holder of the life interest does not possess the right to consume it and is entitled only to its use and income. So that what petitioner purchased was the right to use his mother's interest during her life or widowhood. The fact that petitioner owned a remainder interest in part of what he so purchased does not affect the question here presented. * * What he purchased, and that is all that concerns us, was a terminable estate and the termination of the estate will end all that he purchased." The court then discussed and compared the situation to that of the purchaser of a lease and stated, 15 B.T.A. at page 907: "Nor can we perceive any difference in this respect between the purchase of a lease of a life interest and the purchase of the life interest itself. In both cases the interest is terminable and exhaustible for income-tax purposes."

This decision and reasoning of the Board of Tax Appeals (now the Tax Court) has been approvingly cited by that court in a number of subsequent cases. Bell v. Commissioner, 46 B.T.A. 484, 490; Wolff v. Commissioner, 7 T.C. 717, 721; Penn v. Commissioner, 16 T.C. 1497, 1500. In the Wolff case, the court stated: "Had petitioner paid to her stepmother the purchase price of the latter's life estate in a lump sum, the amount represented thereby would have constituted an investment in a capital asset, exhaustible and therefore recoverable through deduction over the life of the asset acquired, that is, the life expectancy of the stepmother."

In the Bell case the Board of Tax Appeals considered the treatment to be accorded the mother of the instant plaintiff on account of the sale of his life interest in his wife's trust, being one of the trusts involved in the present proceeding. The Board held that the gain realized on such sale was to be taxed at capital gains rates and in doing so stated, 46 B.T.A. at page 490: "On the other

hand the vendee of a life estate has a capital investment exhaustible by charges against income over its duration. [Citing cases, including the Keitel case.] That this purchaser [referring to petitioner in the instant case] happened also to be the remainderman can not affect the principle and may even lack significance." It is asserted by the government that this statement by the Board was dictum. Assuming such to be the case, we think it is entitled to some consideration, particularly in view of the fact that it relates to the precise question here to be decided.

So far as we are aware, there are no cases which have considered the question here presented other than those which we have cited and, as noted, they have held adverse to the government's contention. Both sides, however, cite and rely upon the so-called lease cases, wherein the courts have considered the tax treatment to be accorded a purchaser, usually a landlord or property owner, of an outstanding lease. We have previously quoted from Keitel v. Commissioner a statement by the Board of Tax Appeals, where the purchaser of a lease and the purchaser of a life interest were placed in the same category for tax purposes. It appears that the Board of Tax Appeals (now the Tax Court) has with one possible exception, subsequently noted, adhered to the position that the purchaser is entitled to recover by way of amortization the amount paid a lessee for the cancellation of a lease. Henry B. Miller v. Commissioner, 10 B.T.A. 383; Charles B. Bretzfelder v. Commissioner, 21 B.T.A. 789; Harriet B. Borland v. Commissioner, 27 B.T.A. 538; Manhattan Life Ins. Co. v. Commissioner, 28 B.T.A. 129, modified on other grounds, Helvering v. Manhattan Life Ins. Co., 2 Cir., 71 F.2d 292, and Berger v. Commissioner, 7 T.C. 1339.

It would unduly prolong this opinion to discuss each of these cases; however, the result and the reasoning in the Henry B. Miller case is of such pertinency that it is entitled to be briefly considered. There, it was argued, as it is here,

that the lessor by the purchase of a lease effected a merger of the two estates and that the asset thus acquired was entirely eliminated. The Board rejected the merger theory and held that the lessor was entitled to amortize the purchase price of the lease. In so doing the Board stated, 10 B.T.A. at page 384: "The amount so expended was paid for the right to enjoy the possession of the premises for the unexpired term of the lease—that is to say, it is an amount expended in the acquisition of a capital asset having a life of a definite number of years. The petitioner's right to spread the cost of the acquisition of the capital asset over its life and deduct annually an aliquot part thereof is not affected by the subsequent merger of the interest thus acquired with the fee interest theretofore held by him."

There are also a number of decisions other than those of the Tax Court which have held that the cost of acquiring a leasehold is an exhaustible capital investment, recoverable by annual deductions spread over the duration of the lease. Friend v. Commissioner, 7 Cir., 119 F.2d 959, 960; Home Trust Co. v. Commissioner, 8 Cir., 65 F.2d 532, 534; Union Co. v. United States, 53 F.2d 295, 71 Ct.Cl. 485; King Amusement Co. v. Commissioner, 6 Cir., 44 F.2d 709, 710; Forrest Hotel Corp. v. Fly, D.C., 112 F. Supp. 782, 790.

The principal cases relied upon by the government in support of its merger theory are Boos v. Commissioner, 30 B.T.A. 882; Citizens Nat. Bank v. Commissioner, 8 Cir., 122 F.2d 1011, 1014; Wells Fargo Bank & Union Trust Co. v. Commissioner, 9 Cir., 163 F.2d 521, 523, and W. D. Haden Co. v. Commissioner, 5 Cir., 165 F.2d 588. The Boos case is the exception heretofore noted to the line of the Tax Court cases which have ignored or refused to sustain the merger theory as a basis for decision. The exception, however, is more fanciful than real. There, the taxpayer paid $25,000 for a 99-year lease, with an option to purchase. Seven months later the taxpayer purchased the fee for $55,000. The

Board, evidently looking at the substance rather than the form of the transaction, held that upon purchase of the fee the leasehold interest merged therewith and refused to permit the amortization of the purchase price of the lease, which still had some 98 years to run.

In the Citizens National Bank case, neither the question for decision nor the facts bear any similarity to those of the instant case. There, the taxpayer was attempting to deduct as rental, monthly payments which it made pursuant to a contract with a person who relinquished a life interest in 1920, and who at that time had an expectancy of 13.47 years. As we understand the case, no attempt was made to amortize the purchase price of the life interest, and evidently any attempt to have done so in 1936, long after the expiration of the life expectancy, would have been futile. The gist of the decision is that the taxpayer was not entitled to claim the payments made under a contract as rental at a time when it was as a matter of fact the owner of the property. That being the situation, the court stated that the question of merger was immaterial.

Wells Fargo supports plaintiff's theory rather than that of the government, and it is difficult to discern why it is cited and relied upon by the latter. There, two leases were involved, and the question for decision was which should be used for amortization purposes. The court expressly approved the rationale of the Henry B. Miller case (heretofore quoted) and stated, 10 B.T.A. at page 523, "This rule is now generally accepted." The significant point, however, is that the Tax Court in that case had held that the taxpayer, purchaser of a lease, was entitled to amortization of the purchase price and the only question for decision in the Court of Appeals was as to which of two leases should be used for determining the period of amortization. It was only on this point that it disagreed with the Tax Court.

In the Haden case, the court was presented with a number of tax questions for decision, and on page 590 of 165 F.2d

discussed and decided in a single paragraph a situation upon which the government relies. It is true the court held that there was a merger of a lease interest with the fee, but the facts are so greatly at variance with those here that the case has little, if any, relevancy.

Thus, the only cases which have considered the precise question here in issue are favorable to the taxpayer, although it must be admitted that they are not numerous and that their weight is open to some question. However, the principle involved is closely analogous to that considered in the so-called lease cases which are overwhelmingly opposed to the government's contention.

The judgment in each case is

Affirmed.