HENRY B. MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10291.   Promulgated January 30, 1928.

*Bernard Y. Youngman, Esq.*, for the petitioner.
*Thomas Mather, Esq.*, for the respondent.

OPINION.

GREEN: The petitioner is here seeking to take as a deduction as a business expense in the year 1921 the amount expended by him in procuring the cancellation of a lease with an unexpired term of six years on property owned by him. This cancellation he procured in order that he might make a new lease at an advance in rental of $410 per month. In deciding whether the petitioner is correct in his contention, we must first determine whether the expenditure made by him was made in the ordinary course of business or was made in the acquisition of a capital asset, for if made in the acquisition of a capital asset, the cost thereof may not be deducted as an ordinary and necessary business expense in the year of payment.

It seems unnecessary to cite authorities for the principle that a lessee under and by virtue of the terms of his lease acquires an interest in real estate. Likewise it seems unnecessary to cite authorities for the principle that amounts expended in the acquisition of real estate, and consequently an interest therein as well, are capital expenditures and that such amounts, in the computation of net income may not be deducted as ordinary and necessary business expenses of the year.

The more difficult problem is that which involves the return, to the person who thus acquires a leasehold interest, of the amount of his capital expenditure. It may be well argued that, since the law presumes a merger where the lessor acquires the interest of his lessee, the cost to the lessor is deductible in the year of the expenditure, since by reason of the merger the asset which he thus acquired is entirely wiped out. It seems to us however that the contrary view is the better. Prior to the acquisition of the outstanding leasehold by the lessor, his rights to the use and possession of the premises so leased were limited by the lease. As the result of the expenditure he acquired for himself the six-year leasehold right theretofore vested in the lessee and by so doing he, for a sufficient interval of time, became his own lessee. True, the law presumes a merger of the two interests, but before that can occur the lessee's interest must vest in the lessor. The amount thus expended is a capital expenditure made in order to obtain possession of premises for a period prior to the time the petitioner would have come into possession under the terms of the lease and affords to him no benefits beyond the period for which the payment is made. The amount so expended was paid for the right to enjoy the possession of the premises for the unexpired term of the lease—that is to say, it is an amount expended in the acquisition of a capital asset having a life of a definite number of years. The petitioner's right to spread the cost of the acquisition of the capital asset over its life and deduct annually an aliquot part thereof is not affected by the subsequent merger of the interest thus

acquired with the fee interest theretofore held by him. We think the respondent's action in allowing the petitioner herein to deduct annually only an aliquot part of the cost of the leasehold interest is correct and his action in so doing is accordingly affirmed. *Appeal of Mandel Brothers*, 4 B. T. A. 341.

The conclusion here reached is *contra* to our conclusion in *Higginbotham-Bailey-Logan Co.* v. *Commissioner*, 8 B. T. A. 566.

Reviewed by the Board.

> *Judgment will be entered after 15 days' notice, under Rule 50.*

Phillips, dissenting: There seems to be no doubt that the amount paid for the cancellation of the lease is not to be added to the cost of acquiring the fee and that it is deductible at some time. The only provisions of the Revenue Act of 1921 which appear to have any application to the question presented are as follows:

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business; * * *

* * * * * * *

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

* * * * * * *

(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, * * *

I can not agree with the prevailing opinion which apparently proceeds upon the theory that the petitioner, in extinguishing the leasehold interest, acquired property which was subject to exhaustion under paragraph 8, *supra*. He was the owner of the fee. Out of this he had granted a leasehold. This he wished to extinguish and he paid to secure that result. He did not thereupon become the owner of a lease for six years. Under well known principles of law, the leasehold estate merged in the greater estate, the fee. The prevailing opinion will permit deductions for the exhaustion of the leasehold over a period of six years. During none of those years will there be any leasehold to exhaust. There seems no warrant in the statute for any such treatment of this expenditure. If the cost of extinguishing the leasehold is to be treated as a capital expenditure, to be recovered over a period of years, it seems to me that it can only be done on the ground that the payment was made to remove an obstacle in the way of the new lease, that it is therefore a part of the cost of securing such new lease and is to be exhausted over the life of the new lease. The life of the new lease, however, is not found. Furthermore, the findings are that the new lease was made subsequently to the cancellation of the old. How long a period elapsed is not shown, nor is there any

showing or even any inference that the old lease was canceled to permit the new one to be. made.

In *Higginbotham-Bailey-Logan Co.* v. *Commissioner*, 8 B. T. A. 566, the owner of the fee leased a portion of the premises for a term of years but, finding that the use of the property was necessary in its business, paid a certain sum to cancel the lease. We there held that such payment fell within paragraph (1), *supra*, and was deductible in the year when paid or incurred. The instant case may or may not fall within the same paragraph, the facts found being insufficient to indicate either the business of the petitioner or the necessity of procuring a cancellation of the lease.

This case, it seems to me, must fall within either paragraph (1) or (5), *supra*. Petitioner, having once owned an unencumbered fee, had made a lease which he subsequently found cumbersome. To undo his prior act, to reestablish his unencumbered fee, he paid $10,000. He placed himself back in the position that he had occupied before he took the step which he later retraced. Is not the amount paid to cancel a contract and to reestablish a position which had previously existed either an ordinary and necessary expense of the business, if it relates to a business, or a loss in a transaction which was entered into for profit, if it be that it is not connected with any business regularly carried on by the petitioner? I believe it to be either one or the other, the evidence being insufficient to establish which.

For the reasons stated, I can not agree with the view expressed in the majority opinion.

ARUNDELL, VAN FOSSAN, MILLIKEN, MURDOCK and SIEFKIN concur in this dissent.