BERNARD A. ROSENBLATT AND GERTRUDE ROSENBLATT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GERTRUDE ROSENBLATT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 10104, 10105. Promulgated June 25, 1947.

*Julian H. Hyman, Esq.*, for the petitioners.
*J. Richard Riggles, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined deficiencies in income tax as follows:

| | Docket.No. | Year | Amount |
|---|---|---|---|
| Bernard A. and Gertrude Rosenblatt | 10104 | 1939 | $180.30 |
| Gertrude Rosenblatt | 10105 | {1940 {1941 | 307.72 377.64 |

The parties have settled several issues and the two left for decision are: (1) Whether one-fourth of the income of a trust for each year is taxable to Gertrude Rosenblatt under section 166 of the Internal

Revenue Code because the trust was revocable; (2) whether the Commissioner erred in allowing as a deduction for 1940 only two-fifths of an amount paid by the trust to cancel a lease and in amortizing the remaining three-fifths over the life of a new lease. The facts have been stipulated.

Bernard A. and Gertrude Rosenblatt are husband and wife. Gertrude will be referred to hereinafter as the petitioner.

Returns for the years in question were filed with the collector of internal revenue for the second district of New York.

The petitioner joined with Walter M. Goldsmith, Rosetta C. Goldsmith, Kate A. Goldsmith, Lillian H. Goodman, and Ruth V. Bair in the creation of a trust on December 14, 1938. They named Walter M. Goldsmith trustee. The six settlors transferred to the trusts interests which they then held as stockholders, creditors, and bondholders in "F. & H. G. Corp'n," a corporation dissolved in December 1938. The record does not show the amounts contributed to the corpus.

The original trust deed provided that the settlors expressly reserved the right to revoke the trust at any time. The provision in regard to revocation as it existed during the taxable years was as follows:

The parties do hereby further agree that said trust may be terminated and revoked at any time hereafter upon the written consent of any three of the following persons or their legal representatives or assigns, to wit: Walter M. Goldsmith, Gertrude Rosenblatt, Lillian H. Goodman and Ruth V. Bair and without the consent of any other person or persons whatsoever.

The trust deed, as amended, provided that upon termination the corpus was to be used, first, to pay the amount still due upon bonds of F. & H. G. Corp'n; second, to pay $5,000 each to Kate A. Goldsmith, David B. Rosenblatt, Rowland D. Goodman, II, Jonathan J. Rosenblatt, Frederick R. Goodman, Frank F. Goodman, and Hildegard Bair; and, finally, to pay any remaining amounts equally to Walter M. Goldsmith, Gertrude Rosenblatt, Lillian H. Goodman, and Ruth V. Bair.

The petitioner, as an income beneficiary, reported some income from the trust in each year. The Commissioner, in determining the deficiencies, increased the income of the petitioner so that it would include one-fourth of the income of the trust for each year. He explained that he had done this in accordance with section 166 of the Internal Revenue Code.

Section 166 of the code is entitled "Revocable Trusts." It provides in part that "Where at any time the power to revest in the grantor title to any part of the corpus is vested—(1) in the grantor, * * * then the income of such part of the trust shall be included in computing the net income of the grantor." It is not clear that one-fourth of the corpus of this trust would revest in the petitioner in case the

trust was revoked. But the petitioner makes no point about that. She advances only one argument on this issue. She says that "grantor" means the plural, "grantors," as well, *Crossett* v. *United States*, 30 Fed. Supp. 802; grantors means *all* grantors, not "any and all"; here, two of the original grantors, Rosetta C. Goldsmith and Kate A. Goldsmith, had no power whatsoever during the taxable years to revest title to any part of the trust corpus in themselves; the four original grantors, in whom the power was vested to revest title to the trust corpus in themselves, were less than all of the grantors; and, therefore, the terms of the statute do not apply. The respondent has not met or discussed this argument. Neither party cites any case in point.

Rosetta C. Goldsmith and Kate A. Goldsmith are named as two of the six settlors in the original trust instrument of December 14, 1938. The record does not show just what they contributed to the trust. Rosetta was named jointly with Walter as an income beneficiary of the trust, and Kate was an income beneficiary for a small amount only. Rosetta and Walter were also jointly named as bondholders of F. & H. G. Corp'n. An amendment eliminated the names of Walter and Kate as bondholders of F. & H. G. Corp'n. Rosetta was to receive only payment of her bonds in case the trust was revoked, and Kate was to receive only $5,000. There might be some question raised on this record as to the extent to which Rosetta and Kate were actually grantors of the trust as it existed during the taxable years. However, the respondent makes no such point and it will not be considered further.

It will be assumed that the facts support the argument made by the petitioner. Nevertheless, that argument is not convincing. It would cover any case where two people, such as a husband and wife, create a trust, contribute property to it, and provide that one shall and the other shall not have power to revoke and to revest title to a part of the trust property in himself. It seems obvious that the statute was intended to cover such a case and its terms are sufficient for that purpose. The court in the *Crossett* case said:

Congress plainly intended that the income from all trusts should be included in the income of the grantor or grantors, unless it was necessary to its revocation that the grantor or grantors secure the consent of someone whose interest was against revocation.

Here, any three of four named grantors could terminate and revoke the trust by acting in concert, with the result that a large part of the trust property would revest equally in the four members of that group. Thus, there was vested in these four grantors during the taxable years power to revest in themselves title to an undisclosed part of the corpus of the trust. Since no argument is made that the part which each would thus obtain was less than one-fourth, it does not appear that the Commissioner erred in his application of section 166.

The trust acquired a lot and building in 1938, subject to a lease expiring on June 1, 1940. The trust paid $8,430 on December 26, 1939, to terminate the lease. It operated the property during January and February and on February 21, 1940, leased the property for 21 years, beginning March 1, 1940. The Commissioner, in determining the income of the trust for 1940, allowed a deduction of two-fifths of the payment of $8,430 and disallowed a deduction of the remaining three-fifths. He should have allowed a deduction of the entire amount, since the term of the old lease expired in 1940. *Clara Hellman Heller Trust No. 7610*, 7 T. C. 556.

*Decision will be entered under Rule 50.*