American Spring & Wire Specialty Co. v. Commissioner.
American Spring & Wire Specialty Co. v. Commissioner
Docket No. 72374.
United States Tax Court
T.C. Memo 1961-26; 1961 Tax Ct. Memo LEXIS 322; 20 T.C.M. (CCH) 116; T.C.M. (RIA) 61026; January 31, 1961
*322 Petitioner, in purchasing realty to expand its facilities, paid $10,000 to the lessee thereof for the cancellation of the lease so that petitioner could obtain immediate possession. Held, that this payment is a capital expenditure and hence neither deductible, nor amortizable over the remaining life of the lease. Rayford W. Lemley, Esq., for the petitioner. Don S. Harnack, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency of $5,200 in petitioner's income tax for the year 1955. The sole issue for our determination is whether petitioner may deduct a payment made to obtain early possession of improved land, the improvement to be demolished upon acquisition *323 in order to erect a new building on the site. Findings of Fact Substantially all of the facts have been stipulated and are so found. Petitioner is an Illinois corporation with its principal office located in Chicago, Illinois. It filed its timely corporation income tax return for the calendar year 1955 with the district director of internal revenue at Chicago, Illinois. Petitioner is in the business of manufacturing metal springs. In 1954 it was informed of anticipated future requirements of springs by the Union Carbide & Carbon Co. for the latter's operation of the Oak Ridge, Tennessee, plant of the Atomic Energy Commission. Anticipating the likelihood of its receiving orders for these requirements, petitioner commenced looking for means to expand its plant facilities in order to increase its production. Petitioner investigated land in the vicinity of its plant, and thereafter offered to purchase the improved property immediately to the north of its plant. Title to this property was held in trust by Frederick G. Wittenmeier, Jr., as trustee under the testamentary trust of Fred Wittenmeier, deceased. The trustee refused to sell the property to petitioner, but did agree to *324 exchange it for certain property situated in Franklin Park, Illinois. Petitioner thereupon purchased the Franklin Park parcel on February 21, 1955, for the sum of $60,000. On that same date petitioner and the trustee exchanged their parcels. The property acquired by petitioner in the exchange consisted of the land and the old building thereon. Petitioner's purpose in acquiring this property adjacent to its factory was to demolish the old building and erect an addition to petitioner's plant in its stead. The Radco Corporation held a lease on the acquired property which did not expire until December 31, 1955. Since this lease, during its term, would have prevented petitioner from demolishing the old building and erecting its plant addition, petitioner and Radco agreed, also on February 21, 1955, that Radco would surrender its lease effective May 31, 1955, in return for the payment of $10,000 and a secured loan of $20,000 from petitioner. This loan was repaid on May 1, 1955. Both the $60,000 and the $10,000 payments were entered in petitioner's general ledger in the land account. On June 30, 1955, petitioner made an adjusting entry on its books, crediting its land account $10,000 *325 and charging its lease expense account this same amount. The cancellation of the Radco lease enabled petitioner to expand its productive facilities 7 months to a year sooner than otherwise possible. Demolition occurred during the summer of 1955, and the new plant was fully completed on or about February 1, 1956. Petitioner's sales during the relevant years are as follows: Net Sales to
Total Net
Union Car-
Year
Sales
bide
1954
$5,499,100.90
$ 22,205.00
1955
7,435,373.98
169,996.90
1956
7,911,284.21
1,360,298.46
1957
8,258,326.37
1,544,477.88
Opinion Petitioner contends that the $10,000 payment to Radco constitutes an ordinary and necessary business expense deductible under section 162(a) of the Internal Revenue Code of 1954. [1] Alternatively, petitioner argues that the cost of canceling the lease should be spread over the remainder of the lease, or at worst should be treated as part of the cost of the new plant eventually constructed on the premises. *326 Respondent's position is that this sum is part of the cost of the land and hence a capital expenditure and not deductible. Petitioner agrees that the cost of demolishing a building purchased with such intention is not a deductible expense but must be capitalized ( N. W. Ayer & Son, Inc., 17 T.C. 631 (1951)) but attempts to distinguish the $10,000 payment here in issue by characterizing it a predemolition expense. We think the distinction is ephemeral and hence do not allow such payment as a 1955 business expense. Common sense indicates, as borne out by the record in this case, that petitioner's increased sales (or the potential therefor) attributable to this plant addition will continue for many years, and it is well settled that in order to truly reflect taxable income there should be a correlation between such income and the cost of producing it. Jos. N. Neel Co., 22 T.C. 1083; Stewart Title Guaranty Co., 20 T.C. 630; Manhattan Life Insurance Co., 28 B.T.A. 129, reversed on other grounds 71 F. 2d 292. This Court has decided that additional payments made to obtain early possession of purchased property should *327 be capitalized. Thalhimer Brothers, Inc., 27 T.C. 733 (1957). In that case we said, at page 739, that: * * * the payment may not be regarded properly as an expense of earning the income of any one year; nor may the benefits expected from the payment be attributed to any one year. Possession of property is one of the principal attributes of ownership; and the right to early or immediate possession may affect materially the use, the desirability, and the market value. See also McCulley Ashlock, 18 T.C. 405 (1952). Although in Thalhimer the additional payment was made to the seller, whereas here it was made to a lessee, it is evident that this expenditure was necessary before petitioner could have possession of the property, demolish the old building, and build its plant addition. We conclude that the cancellation of the lease was but one facet of a transaction whereby petitioner acquired an addition to its factory, enlarging it so that the anticipated increase in production could be accommodated. This must be treated as a capital expenditure. Petitioner's alternative argument is that the $10,000 was a purchase of a lease and the cost thereof should be *328 amortizable over the remaining term of the lease, relying inter alia, on the principle enunciated in Henry B. Miller, 10 B.T.A. 383 (1928). In that case an old lease was canceled in order to permit the lessor to enter into a new lease, and we held that this expenditure was not a currently deductible expense but was an amortizable capital asset. But, as we have noted above, there must be a correlation between income and the cost of producing it. Here the termination of the Radco lease was accelerated, not so petitioner could utilize the unexpired term for further leasing, but to enable petitioner to clear the land and construct its plant addition as quickly as possible and thereby handle the increased business from Union Carbide & Carbon Co. We therefore conclude that the $10,000 cancellation cost here cannot be amortized over the period remaining in the old lease. We deem it unnecessary to allocate any part or the whole of the $10,000 to the land or to the plant addition, since the question of the proper capitalization of this sum does not involve the taxable year before us. We hold only that this expenditure should be capitalized, and is neither a deductible business *329 expense nor amortizable as a payment for an unexpired lease. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business, * * *↩