*Decisions will be entered under Rule 50.*

PEERLESS WEIGHING AND VENDING MACHINE CORPORATION, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4893–66.   Filed August 21, 1969.

*Harry A. Bernbach* (an officer), for the petitioner.
*Wallace Musoff* and *Marvin A. Fein,* for the respondent.

OPINION

The only issue for decision herein is whether the expenditures incurred in canceling the lease of Home Arts is an ordinary and necessary expense for the year 1963 under section 162[3] of the Internal Revenue Code.

As a general rule, amounts paid by a lessor to a lessee for the cancellation of a lease prior to its expiration date have been held to be capital expenditures, amortizable over the unexpired term of the canceled lease. *Henry B. Miller*, 10 B.T.A. 383 (1928); *Harriet B. Borland*, 27 B.T.A. 538 (1933); *Laurene Walker Berger*, 7 T.C. 1339 (1946); *Bernard A. Rosenblatt*, 8 T.C. 1245 (1947); *Trustee Corporation*, 42 T.C. 482 (1964); and cf. *Clara Hellman Heller Trust No. 7610*, 7 T.C. 556 (1946), reversed sub nom. *Wells Fargo B. & U. Trust Co.* v. *Commissioner*, 163 F. 2d 521 (C.A. 9, 1947), cited by us with approval in *Trustee Corporation, supra.*

We believe that the *Miller* case and the others cited above are determinative of the issue involved herein. While they do not deal with a situation where the lessor procures a cancellation of a lease

---

[3] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

to obtain possession in order to demolish the buildings located on the property and subsequently engage in nonrental activities, the rationale of these cases, insofar as it relates to whether such expenditures are capital expenditures, is equally applicable to such a situation.

In *Henry B. Miller, supra,* the lessor obtained the cancellation of a lease which had 6 years to run and subsequently leased the premises to another. He sought a deduction as an ordinary and necessary expense of the amounts paid for cancellation. In finding for the respondent, the Board stated (10 B.T.A. at 384) :

It seems unnecessary to cite authorities for the principle that a lessee under and by virtue of the terms of his lease acquires an interest in real estate. Likewise it seems unnecessary to cite authorities for the principle that amounts expended in the acquisition of real estate, and consequently an interest therein as well, are capital expenditures and that such amounts, in the computation of net income may not be deducted as ordinary and necessary business expenses of the year.

The more difficult problem is that which involves the return, to the person who thus acquires a leasehold interest, of the amount of his capital expenditure. It may be well argued that, since the law presumes a merger where the lessor acquires the interest of his lessee, the cost to the lessor is deductible in the year of the expenditure, since by reason of the merger the asset which he thus acquired is entirely wiped out. It seems to us however that the contrary view is the better. Prior to the acquisition of the outstanding leasehold by the lessor, his rights to the use and possession of the premises so leased were limited by the lease. As the result of the expenditure he acquired for himself the six-year leasehold right theretofore vested in the lessee and by so doing he, for a sufficient interval of time, became his own lessee. True, the law presumes a merger of the two interests, but before that can occur the lessee's interest must vest in the lessor. The amount thus expended is a capital expenditure made in order to obtain possession of premises for a period prior to the time the petitioner would have come into possession under the terms of the lease and affords to him no benefits beyond the period for which the payment is made. The amount so expended was paid for the right to enjoy the possession of the premises for the unexpired term of the lease—that is to say, it is an amount expended in the acquisition of a capital asset having a life of a definite number of the years. * * *

In the instant case, petitioner obtained cancellation of a lease in order to regain possession of his property. The particular factual situation surrounding such cancellation in no way indicates that the expenditures should be treated any differently than in the above-cited cases, insofar as a denial of the deduction for ordinary and necessary expenses is concerned. The benefit of the expenditure—namely possession of the property—did not accrue in 1963, but rather in years subsequent thereto when the possession and demolition of the building made it possible to engage in the parking-lot business at 231.

Accordingly, we hold that the expenditures incurred by petitioner in canceling the lease of Home Arts cannot be deducted as an ordinary and necessary expense in the year 1963.

*Decision will be entered for the respondent.*